USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 05 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JUSTIN DICE, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

             Plaintiff,

             vs.

CHANNELADVISOR CORPORATION,
SCOT WINGO, DAVID SPITZ, AND JOHN
BAULE,

             Defendants.
-----------------------------------------------------------X
DAVID A. GRACIA, Individually and on
Behalf of All Others Similarly Situated,

             Plaintiff,

             vs.

CHANNELADVISOR    CORPORATION,
SCOT WINGO, DAVID SPITZ, AND JOHN
BAULE,

             Defendants.
-----------------------------------------------------------X

Case No.: 15-cv-00506-AJN

**CLASS ACTION**

[PROPOSED] ORDER CONSOLIDATING
RELATED ACTIONS AND APPOINTING
LEAD PLAINTIFF AND LEAD COUNSEL

Case No.15-cv-00572-AJN

**CLASS ACTION**

WHEREAS, the above-captioned securities class action (the "Securities Class Actions")

has been filed against ChannelAdvisor Corporation, (the "Defendant") alleging violations of the

securities laws;

WHEREAS, Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may

order all actions consolidated if they involve "common issues of law or fact." Fed. R. Civ. P.

42(a). The Securities Class Actions involve "common legal and factual; thus, efficiency and

consistency will result from their consolidation. See Fed R. Civ. P. 42(a);

1

Case 1:15-cv-00506-AJN    Document 16-1    Filed 03/24/15    Page 2 of 4

WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i) on January 23, 2015, a notice was issued to potential class members of the pendency of action and informed them of their right to move to serve as lead plaintiff within 60 days of the date of the issuance of said notice;

WHEREAS, on March 24, 2015, Justin Dice ("Movant") moved the Court (1) to consolidate the Securities Class Actions; (2) for appointment as lead plaintiff; and (3) for approval of The Rosen Law Firm, P.A. as lead counsel;

WHEREAS, the PSLRA provides, *inter alia,* that the most-adequate plaintiff to serve as lead plaintiff is the person or group of persons that has either filed a complaint or has made a motion in response to a notice and has the largest financial interest in the relief sought by the Class and satisfied the requirement of Fed. R. Civ. P. 23;

WHEREAS, 15 U.S.C. § 78u-4(a)(3)(B) provides, *inter alia,* that as soon as practicable after the decision on consolidation is rendered, the Court shall appoint the most adequate plaintiffs as lead plaintiff for the consolidated actions;

WHEREAS, the Court finding that the Justin Dice has the largest financial interest in this action and *prima facie* satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and

**IT IS HEREBY ORDERED THAT:**

### CONSOLIDATION OF SECURITIES CLASS ACTIONS

1.    The Securities Class Actions are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings pursuant to Fed. R. Civ. P. 42(a).

### MASTER DOCKET AND CAPTION

2.      The docket in Case No. 1: 15-cv-00506-AJN shall constitute the Master Docket for this action.

3.      Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re CHANNELADVISOR CORPORATION   Case No. 1: 15-cv-00506-AJN
Securities Litigation

                  CLASS ACTION

--------------------------------------------------------X
This Document Relates To:

4.      The file in civil action no. 1:15-cv-00506-AJN shall constitute a master file for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

5.      All Securities Class Actions subsequently filed in, or transferred to, this District shall be consolidated into this action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the date on which a copy of this Order is mailed to the party's counsel.

6.      This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause shown.

## APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

7.      Pursuant to Section 21D (a)(3)(B) of the Exchange Act Justin Dice is appointed as Lead Plaintiff for the Class as he has the largest financial interest in this litigation and otherwise satisfies the requirements of Fed. R. Civ. P. 23.

8.      Justin Dice's selection of counsel is approved, and accordingly, The Rosen Law Firm, P.A. is appointed Lead Counsel.

9.      Lead Counsel shall manage the prosecution of this litigation. Lead Counsel is to avoid duplicative or unproductive activities and are hereby vested by the Court with the responsibilities that include, without limitation, the following: (1) to prepare all pleadings; (2) to direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) to initiate and direct discovery; (4) prepare the case for trial; and (5) to engage in settlement negotiations on behalf of the Lead Plaintiff and Class.

Dated: _____, 2015

SO ORDERED:

_____
The Hon. Alison J. Nathan
United States District Judge

4