USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 0 2 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re CHANNELADVISOR CORPORATION Securities Litigation

15-CV-506 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Defendants ChannelAdvisor Corp., Scot Wingo, David Spitz, and John Baule's motion to transfer this case to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404(a). For the reasons provided below, the motion is GRANTED.

## I. BACKGROUND

This action is a putative securities class action brought against a Delaware corporation based in Morrisville, North Carolina and some of its executive officers who also work or live in and around Morrisville, North Carolina. Declaration of Diana Allen ¶¶ 5-6. Plaintiffs allege that the Defendants made public statements about ChannelAdvisor's revenue guidance for the fourth quarter of 2014 that were false and misleading because they failed to disclose that (1) ChannelAdvisor's shift in customer base away from smaller clients to larger clients posed a risk to the company's financial performance and (2) larger clients were given a discount that results in lower revenue for the company. Compl. ¶¶ 1, 27-30.

## II. DISCUSSION

"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). As a preliminary matter, both parties agree that this case could have been brought in the Eastern District of North Carolina. Defs.' Br. 4; Opp'n Br. 3. To determine whether convenience of parties and witnesses favors transfer, courts generally examine the following non-exhaustive list

1

of factors: "'(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'" *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)). Weighing these considerations and the interests of justice, the Court concludes that transferring this case to the Eastern District of North Carolina is appropriate.

### A. Plaintiff's Choice of Forum

Plaintiff rests much of his opposition to Defendants' motion to transfer on the fact that a plaintiff's choice of forum is generally entitled to deference. *See, e.g., ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008) ("[P]laintiff's choice of forum should be accorded deference in the event that other factors do not weigh strongly in favor of transfer."). While this is generally true, such deference is diminished under certain circumstances.

First, "[t]his factor is less compelling where, as here, plaintiffs choose a forum that is not their home district." *Coen v. Hoffman-La Roche*, No. 06 Civ. 13497 (RMB)(RLE), 2007 U.S. Dist. LEXIS 23132, at *10 (S.D.N.Y. Mar 21, 2007) (citing *Intria Corp. v. Intira Corp.*, No. 00 Civ. 7198 (AGS), 2000 U.S. Dist. LEXIS 17039, at *30 (S.D.N.Y. Nov. 27, 2000)). Plaintiff resides in Washington, Dkt. No. 2 at 2,[1] not New York. Second, "a plaintiff's choice of forum 'is afforded little weight' in a purported class action, as here, where 'numerous plaintiffs [are] each possibly able to make a showing that a particular forum is best suited.'" *Id.* at *10 (quoting *Eichenholtz v. Brennan*, 677 F. Supp. 198, 202 (S.D.N.Y. 1988)).

Therefore, although Plaintiff's choice of forum is generally entitled to deference, because Plaintiff does not reside in this district and because this is a purported class action, this deference is greatly diminished. Thus, this factor is neutral.

---

[1] Consolidated Plaintiff David Gracia resides in Mexico. *See* Dkt. No. 3 in 15-CV-572.

2

### B. Convenience of Parties and Witnesses

Courts have often noted that "'[c]onvenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted.'" *ESPN, Inc.*, 581 F. Supp. 2d at 547 (quoting *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006)). Plaintiff does not dispute that the primary witnesses in this case are the executives of ChannelAdvisor Corp. (many of whom are individual Defendants) who all live and work in and around the company's headquarters in Morrisville, North Carolina. Defs.' Br. 8-9. Indeed, "[i]t is well known that trials in securities class actions focus almost entirely on the defendants' conduct." *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 402 (S.D.N.Y. 1998). Instead, Plaintiff argues that, if the case remains in New York, these witnesses can be deposed in North Carolina and Defendants "have not demonstrated that the S.D.N.Y. would be unduly inconvenient as North Carolina is only a short flight from New York." Opp'n Br. 7. But even if Plaintiff agrees to depose the party witnesses in North Carolina, these witnesses would still have to travel to New York for trial. Moreover, Defendants correctly note that the inquiry is not whether the party witnesses could easily get to New York; the inquiry is which of the two forums is *more* convenient. *CYI, Inc. v. Ja-Ru, Inc.*, 913 F. Supp. 2d 16, 24 (S.D.N.Y. 2012). Because ChannelAdvisor's executives, who are likely to be the primary witnesses in this action, all reside in and around the company's headquarters, North Carolina is more convenient for these witnesses than New York.

Plaintiff also does not dispute that the other likely witnesses in this case are Defendants' investor relations consultants with ICR, Inc.—Timothy Dolan and Garo Toomajanian—who reside or work in or near Boston, Massachusetts, Allen Decl. ¶¶ 16, 18, and Plaintiff himself, who lives in Washington. Because these additional witnesses would have to travel to either New York or North Carolina, the Court assumes that either forum is equally convenient to them.

Finally, Plaintiff contends that the location of the parties' attorneys is a relevant consideration to the Court's analysis. Because both parties' attorneys are located in New York, Plaintiff argues, New York is a more convenient forum. But as this Court has previously noted,

3

this argument is "unavailing, as 'the convenience of counsel is not an appropriate factor to consider on a motion to transfer.'" *Fuji Photo Film Co.*, 415 F. Supp. 2d at 374 (quoting *Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433, 438 (S.D.N.Y. 2000)).

Therefore, because ChannelAdvisor Corp.'s executives, who are likely to be material witnesses in this case, all live or work in and around the company's headquarters in Morrisville, North Carolina, and because the remaining likely witnesses reside in neither New York nor North Carolina, the Court concludes that this factor favors transfer.

### C. Location of Documents and Relative Ease of Access to Sources of Proof

Defendants point out that many documents related to this action are likely located in North Carolina, where the disputed corporate decisions and investor announcements were made. However, Plaintiff correctly points out that the location of relevant documents and ease of access to sources of proof is not "particularly significant given the technological age in which we live, where there is widespread use of, among other things, electronic document production." *Rindfleisch v. Gentiva Health Sys.*, 752 F. Supp. 2d 246, 258 (E.D.N.Y. 2010) (citing *Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007) ("The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents."); *DiStefano v. Carozzi N. Am., Inc.*, No. 98 Civ. 7137 (SJ), 2002 U.S. Dist. LEXIS 23042, at *11-12 (E.D.N.Y. Nov. 16, 2002) ("Although the location of relevant documents is entitled to some weight when determining whether a case should be transferred, modern photocopying technology deprives this issue of practical or legal weight." (citations omitted))). Thus, this factor is neutral.

### D. Locus of Operative Facts

Plaintiff did not address Defendants' argument that the locus of operative facts in this case is in North Carolina,[2] so the Court assumes that Plaintiff concedes that this is in fact the case. Even if not conceded, this case turns on certain misrepresentations that ChannelAdvisor's

---

[2] Indeed, Plaintiff correctly identified the locus of operative facts as a relevant factor for the Court to consider, Opp'n Br. 3, but did not discuss this factor at all.

4

corporate officers allegedly made, and such "'misrepresentations are deemed to 'occur' in the district where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received.'" *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 397 (S.D.N.Y. 2006) (quoting *Adair v. Microfield Graphics, Inc.*, No. 00 Civ. 0629 (MBM), 2000 U.S. Dist. LEXIS 16591, at *5 (S.D.N.Y. Nov. 16, 2000)). Plaintiff does not dispute Defendants' contention that these alleged misrepresentations occurred in North Carolina, not New York. Therefore, this factor favors transfer.

### E.     Other Considerations

Plaintiff also argues that because the Southern District of New York has more securities class actions than any other federal district court, the case should remain in this District because it is the most experienced court within this area of law. Opp'n Br. 6. Even if the Southern District of New York has more securities class actions than its sister courts across the country, this fact is of little relevance because every federal court is presumed equally capable of applying federal law. *In re Stillwater Mining Co. Sec. Litig.*, No. 02 Civ. 2806 (DC), 2003 U.S. Dist. LEXIS 7983, at *13 (S.D.N.Y. May 12, 2003) ("Both the Southern District of New York and the District of Montana are equally capable of applying federal securities law to this action.").

Finally, Plaintiff did not respond to Defendants' argument that "[a] comparison of the parties' means does not weigh against transfer." Defs.' Br. 14. Nor did Plaintiff respond to Defendants' argument that the "availability of process to compel the attendance of unwilling witnesses does not support retaining this case in this district" because, "[a]lthough two potential witnesses reside outside the Eastern District of North Carolina, they also do not reside in New York." Defs.' Br. 15. Thus, the Court assumes that Plaintiff concedes the Defendants' arguments that these additional considerations are neutral with respect to transfer. *Cf. Rockland Exposition, Inc. v. Alliance of Auto. Serv. Providers*, 894 F. Supp. 2d 288, 331-332 (S.D.N.Y. 2012) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." (collecting cases)).

5

### F. Summary

As summarized above, every factor either favors transfer or is neutral—none weighs against transfer. Moreover, and perhaps unsurprisingly given the location of material witnesses and the locus of operative facts in such cases, "[c]ourts routinely transfer securities cases to the issuer's district." *City of Pontiac Gen. Emps. Ret. Sys. v. Stryker Corp.*, No. 10 Civ. 376, 2010 U.S. Dist. LEXIS 50410, at *6 (S.D.N.Y. May 21, 2010) (citing *Langley Partners, L.P. v. Tripath Tech., Inc.*, No. 05 Civ. 5255 (HB), 2005 U.S. Dist. LEXIS 23004, at *5 (S.D.N.Y. Oct. 6, 2005)); *see also In re AtheroGenics Sec. Litig.*, No. 05 Civ. 00061, 2006 U.S. Dist. LEXIS 15786, at *9 (S.D.N.Y. Mar. 31, 2006) ("While there is 'no *per se* rule requiring or presumptively favoring the transfer of a securities-fraud action to the district where the issuer is headquartered,' such transfers to the issuer's home district are routine 'as a practical matter.'" (quoting *In re Hanger Orthopedic Grp, Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. Feb. 28, 2006)). Thus, because the balance of convenience factors favor transfer or are neutral, and because securities cases are routinely transferred to the issuer's home district, the interests of justice favor transferring this case to the Eastern District of North Carolina.

## III. CONCLUSION

Therefore, for the reasons stated above, Defendants' motion to transfer this case to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404(a) is GRANTED. This resolves Dkt. No. 22. The Clerk of Court is directed to transfer this case accordingly.

SO ORDERED.

Dated: July ___, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge

6